IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATE OF GEORGIA

| | | |
|---|---|---|
| KAYE F. MILLER, Individually, and as next friend of ANSLEY MILER and LINDSEY MILLER, the minor children of DENNIS O. MILLER, deceased,<br>　　Plaintiffs<br><br>Vs.<br><br>HOMER BELL, JAMES A. (AL) EVANS, and CANDLER COUNTY, GEORGIA<br>　　Defendants | § § § § § § § § § § § § | CASE NO.<br><br>CV602-46 |

### COMPLAINT FOR DAMAGES and DEMAND FOR JURY TRIAL

COMES NOW Kaye F. Miller, plaintiff herein, individually and as next friend of Ansley Miller and Lindsey Miller, the minor children of Dennis O. Miller, deceased, (hereinafter referred to as "plaintiff"), and sets forth this, her complaint for damages, against Homer Bell, James A. (Al) Evans, and Candler County, Georgia, defendants herein (collectively referred to as "defendants"), as follows:

### JURISDICTION AND VENUE

1　　This is an action under the Civil Rights Act of 1871, 41 USC §1983 and State of Georgia Statutory and Common Law Doctrines, to secure redress for the violations by the defendants of plaintiff's rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution and for negligence under the laws of the State of Georgia. This Court has jurisdiction of this action

1

under 28 USC §1331 (Federal Questions) and §1343 (3)(4)(Civil Rights). Venue is proper in this Court.

2. This Court also has pendant jurisdiction of plaintiff's claims, asserted herein, arising under Georgia statutory and common law.

3. The plaintiff is a citizen of the United States residing in Candler County, Georgia, and is subject to the jurisdiction of this Court.

4. Defendant Homer Bell is the Sheriff of Candler County, Georgia, is a duly elected official of Candler County, Georgia, and resides in Candler County, Georgia. He is therefore subject to the jurisdiction of this Court.

5. Defendant James A. (Al) Evans was at the time of the occurrences complained of herein an employee of defendant Homer Bell and Candler County, Georgia. He resides in Candler County, Georgia, and is subject to the jurisdiction of this Court.

6. Defendant Candler County is a county organized and existing under the laws of the State of Georgia. It is an individual or person within the meaning of 42 USC §1983 and is subject to the jurisdiction of this Court.

## FACTS

7. Plaintiff incorporates and realleges the allegations contained in paragraph one (1) through six (6) as if fully re-alleged and restated herein.

8. On December 18, 1999, Dennis O. Miller was arrested by the Candler County Sheriff's Department and charged with armed robbery.

9. As a result of these charges Dennis Miller was incarcerated in the common jail of Candler County, Georgia, which jail is supervised and under the direction of

Homer Bell, the Sheriff of Candler County, Georgia.

10. Defendant Homer Bell is responsible for all aspects of the operation of the Candler County jail, including the hiring, firing, training and disciplinary functions associated with the employees of the Candler County jail.

11. That it was known to Homer Bell and James A. Evans, and other members of the Candler County Sheriff's Department that Dennis Miller had at various times of his life been involved with and had difficulty with the use of crack cocaine.

12. That although the defendants knew about Dennis Miller's problems with crack cocaine and knew about his having begun using cocaine again when he was released on weekends from a treatment center, Dennis Miller was allowed to serve as a trustee and to leave the jail, unsupervised, and be out in the general population where cocaine was readily available to him.

13. That a family member of Dennis Miller, Sandra Franklin, Miller's mother-in-law, had addressed this problem to Sheriff Bell and had asked him to keep Dennis locked up so that he would not be able to obtain possession of cocaine and, because of his state of mind, would not be in a position to cause harm to himself.

14. That nonetheless for a period of time Sheriff Bell allowed Dennis Miller to continue to serve as a trustee and allowed him to be out in the public, unsupervised, driving a Sheriff's vehicle, such that he was able to obtain cocaine and other intoxicating substances.

15. That during the month of April, 2000, Dennis Miller was returned to the jail population after being accused of taking contraband into the county jail.

16. After approximately two (2) weeks Dennis Miller was allowed to return to trustee status.

17. During the first week of May, 2000, several deputies and jailers noticed that Dennis Miller appeared to be depressed, slow to respond to the orders of jailers, and not acting like himself. Mr. Miller was reported to have mood swings of depression and happiness, was said to be concerned about his arraignment schedule for May 12, 2000, and appeared to deputies and jailers to be a danger to himself.

18. That after these concerns were expressed to Homer Bell, Sheriff Bell determined that he would return Dennis Miller to the jail population, revoking his trustee status. On May 8, 2000, a jailer was sent to locate Mr. Miller and returned him to the jail population. At this time Mr. Miller could not be found. After a search of the jail compound Mr Miller was found hiding in a service port located at the southeast corner of the jail section of the Sheriff's Department and on the northeast portion of the sally port. Mr. Miller had climbed a large water pipe and was sitting in the dark.

19. That after Mr. Miller was located he was taken to the Sheriff's office to wait for Sheriff Bell to talk to him. Sheriff Bell was unable to talk to him at that time because he was currently dealing with other individuals.

20. That even though Dennis Miller's mood swings and depression had been noted, and it was considered that he was potentially a danger to himself, Mr. Miller was left alone by defendant Evans, sitting in the main office.

21  While Mr. Miller was left alone, Investigator Evans went with Deputy Carol and another officer, Officer Hartley, to check out the area where Dennis Miller had been hiding. While these three (3) officers searched this small area, Dennis Miller remained alone in the Sheriff's office, unsupervised and not locked in.

22. That while he was unsupervised and not locked in, Dennis Miller simply walked out of the Candler County jail, exiting the building at the west door, and left the jail compound.

23. That after he left the jail compound Dennis Miller walked to a business known as Wayne's Mobile Homes, broke into the office, consumed an amount of alcoholic beverage, and committed suicide.

24. That in the past several years there have been numerous incidents of inmates not being properly supervised or protected, which incidents were known to defendants Bell and Candler County.

25  That at the time of his death Dennis Miller was married to plaintiff Kaye F. Miller and was the father of two (2) children, Ansley Miller and Lindsey Miller.

## COUNT ONE

26. Plaintiff incorporates and realleges the allegations contained in paragraph one (1) through twenty-five (25) as if fully re-alleged and restated herein.

27. Plaintiff was detained in Candler County pursuant to alleged violations of the statutory laws of the State of Georgia.

28. Defendant Candler County, Georgia, has the authority to erect and maintain a county jail for the detention of arrestees,

29. That Sheriff Homer Bell had a duty to train his employees with regard to the protection of prisoners detained in the Candler County jail and assigned to their care.

30. That Sheriff Bell violated Dennis Miller's constitutional rights under the Eighth Amendment to the United States Constitution, the Fourth Amendment to the United States Constitution, the Fifth Amendment to the United States Constitution, and the Fourteenth Amendment to the United States Constitution, by not properly training and supervising his employees.

31. That Sheriff Bell violated Dennis Miller's rights under the Fourteenth Amendment to the United States Constitution, the right to due process, by allowing him access to alcohol and drugs, and by showing a deliberate indifference to the needs of Dennis Miller, in violation of the Eighth Amendment to the United States Constitution.

## COUNT TWO

32. Plaintiff incorporates and realleges the allegations contained in paragraph one (1) through thirty-one (31) as if fully re-alleged and restated herein.

33. That Dennis Miller was detained in the Candler County jail pursuant to alleged violations of the statutory laws of the State of Georgia.

34. Defendant James A. Evans was an employee of defendant Homer Bell and one of the persons in charge of the plaintiff's detainment in the Candler County jail

35. Defendant James A. Evans deprived Dennis Miller of his Eighth Amendment Rights by the acts more particularly described above in that he was deliberately

indifferent to the medical needs of Dennis Miller and failed to take steps to prevent him from committing suicide.

36. Defendant James A. Evans deprived Dennis Miller of his Fourteenth Amendment due process rights by the acts more particularly described above.

37. Defendant James A. Evans deprived Dennis Miller of his various constitutional rights, as alleged, by failing to keep him under supervision until Sheriff Bell could come and talk with him and by failing to prevent him from leaving the Candler County jail, thus gaining access to alcohol and a pistol, which access ultimately led to his death by suicide.

38. Defendant James A. Evans committed such violations, as described above, depriving Dennis Miller of his constitutionally protected rights pursuant to the color of state law.

39. Dennis O. Miller suffered death as a result of defendant James A. Evans' conduct as described herein.

## COUNT THREE

40. Plaintiff incorporates and realleges the allegations contained in paragraph one (1) through thirty-nine (39) as if fully re-alleged and restated herein.

41. Plaintiff was detained in the Candler County jail pursuant to alleged violations of the statutory laws of the State of Georgia.

42. Defendant Candler County, Georgia has the authority to erect and maintain a county jail for the detainment of arrestees and other persons convicted under Candler County jurisdiction pursuant to various Georgia statutes, ordinances,

*regulations, customs or usages.*

43. Defendant Homer Bell is the Sheriff of Candler County, Georgia, and as such, is the person responsible for all of the operations of the Candler County jail including the detainment of Dennis O. Miller at the time, place and location described above.

44. While under the scope of his employment with defendant Homer Bell, defendant James A. Evans deprived Dennis Miller of his various constitutional rights under the provisions of the Fourth, Fifth, Eighth and Fourteenth Amendments, as outlined above.

45. While under the scope of his employment with defendant Homer Bell, defendant James A. Evans committed such violations, as alleged above, depriving plaintiff of his constitutionally protected rights, pursuant to the color of state law.

46. Defendant Homer Bell failed to properly train James A. Evans such that the incident previously described was allowed to take place.

47. Defendant Homer Bell's failure to properly train James A. Evans reflects willful and deliberate indifference to the rights of the plaintiff.

48. Dennis O. Miller committed suicide as a result of Homer Bell's conduct as described herein.

49. As such, defendant Homer Bell is liable to the plaintiffs, pursuant to 48 USC §1983, for the value of the life of Dennis O. Miller.

50. *Plaintiffs are entitled to reasonable attorney's fees pursuant to 42 USC §1998 if successful with her 42 USC §1983 claim.*

## COUNT FOUR

51. Plaintiff incorporates and realleges the allegations contained in paragraph one (1) through fifty (50) as if fully re-alleged and restated herein.

52. Dennis O. Miller was detained in the Candler County jail pursuant to alleged violations of the statutory laws of the State of Georgia.

53. Defendant Candler County, Georgia, has the authority to erect and maintain a county jail for the detainment of arrestees.

54. Defendant Candler County, Georgia, as such, is the institute responsible for all operations of the Candler County jail, including the detainment of Dennis O. Miller at the time, place, and location described above.

55. While in the scope of their employment, defendants Homer Bell and James A. Evans deprived Dennis O. Miller of his constitutional rights under the provisions of the Eighth and Fourteenth Amendments by the acts described above.

56. That while in the scope of their employment defendants Homer Bell and James A. Evans deprived Dennis O. Miller of his Eighth Amendment constitutional right by failing to protect him from self-inflicted injury.

57. Defendant Candler County allowed improperly trained individuals such as defendant Homer Bell and defendant James A. Evans to be in a position of authority such that the incident previously described above was allowed to take place.

58. Defendant Candler County's allowance of improperly trained individuals to operate the Candler County jail reflects a willful and deliberate indifference to the

rights of Dennis O. Miller.

59. Defendant Candler County allowed Dennis O. Miller to be incarcerated in a jail which was unsafe, not properly equipped and maintained, and in which other inmates had, because of improper supervision, died, or been seriously injured

60. By allowing Dennis O. Miller to be incarcerated in such an institution the defendant Candler County showed a deliberate indifference to the constitutional rights of Dennis O. Miller.

61. That as a result of the deliberate indifference of Candler County Dennis Miller was allowed to commit suicide

62 The plaintiffs are entitled to the value of the life of Dennis O. Miller as a result of the violations of Candler County, Georgia. Candler County is liable to the plaintiffs pursuant to 42 USC §1983.

63. The plaintiffs are entitled to reasonable attorney's fees pursuant to 42 USC §1988 if successful with her 42 USC §1983 claim.

## COUNT FIVE

64. Plaintiff incorporates and realleges the allegations contained in paragraph one (1) through sixty-three (63) as if fully re-alleged and restated herein.

65. Dennis O. Miller was detained in the Candler County jail pursuant to alleged violations of the statutory laws of the State of Georgia.

66. Defendant Candler County, Georgia has the authority to erect and maintain a county jail for the detainment of arrestees.

67 Defendant Candler County, as such, is the entity responsible for all of the

operations of the Candler County jail, including the detainment of Dennis O. Miller at the time, place and location described above.

68  Defendant Candler County had a special relationship with Dennis O. Miller (detainer and detainee) that separated Dennis Miller from the general public.

69. Said special relationship between defendant Candler County and Dennis Miller engendered a special duty owed to Dennis Miller by defendant Candler County for the nonfeasance of its Sheriff's Department.

70. Said special relationship between defendant Candler County and Dennis Miller engendered duties relating to acts and omissions arising out of any unsafe conditions of the Candler County jail.

71  Defendant Candler County reached its special duties to Dennis Miller by failing to protect him from causing harm to himself.

72. Dennis Miller committed suicide as a direct result of defendant Candler County's conduct as has been more particularly described herein.

73. As such, defendant Candler County is liable to the plaintiffs due to their breach of special duties owed to Dennis O. Miller, deceased.

## COUNT SIX

74  Plaintiff incorporates and realleges the allegations contained in paragraph one (1) through seventy-three (73) as if fully re-alleged and restated herein.

74  That as a detainee in the Candler County jail Dennis Miller was entitled to be protected from self-inflicted injury.

75  That defendants Homer Bell and James A. Evans were negligent in the

performance of their duties, in that they failed to provide to Dennis Miller the care and supervision normally and reasonably expected by those responsible for the detainment of arrestees.

76. That as a result of the negligence of Homer Bell and James A. Evans Dennis Miller was allowed to walk out of the Candler County jail, unsupervised, and not locked in.

77. That prior to Dennis O. Miller walking out of the Candler County jail Sheriff Bell and defendant Evans were aware of the mental state of Dennis O. Miller and knew that he was depressed, and potentially suicidal.

78. That as a result of the negligence of defendants Bell and Evans, Dennis O. Miller was allowed to walk into the mobile home dealership, obtain possession and use of alcohol, and a weapon.

79. That as a direct result of the negligence of defendants Bell and Evans, Dennis O. Miller was allowed to take his life.

80. That plaintiffs are entitled to recover of defendants Bell and Miller for the wrongful death of Dennis O. Miller, in an amount to be proven at trial.

81. That James A. Evans was an employee of and under the supervision of Sheriff Homer Bell and Homer Bell is liable for the negligent acts of James A. Evans under the doctrine of respondeat superior.

82. That Homer Bell was an employee of Candler County, Georgia, and therefore Candler County, Georgia is liable for the negligent acts of Homer Bell under the doctrine of respondeat superior

WHEREFORE, plaintiff prays for a judgment against each of the defendants and seeks the following:

a) an amount which would fairly and reasonably compensate the plaintiffs' actual damages, including future wages and the right to be able to work, in an amount of not less than $1,000,000.00;

b) the reasonable value of the life of Dennis O. Miller, but in an amount of not less than $2,000,000.00;

c) reasonable attorney's fees for the prosecution of this action pursuant to 42 USC §1988;

d) the cost of this action;

e) that she have a trial by jury of all issues, and;

f) any and all further relief as this Court shall deem proper.

Respectfully submitted this _____ day of _____, 2002

_____
ROBERT S. REEVES,
ATTORNEY FOR PLAINTIFFS

P.O Box 1347
Swainsboro, Georgia 30401
(478)237-6191
Bar No 598900