IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATE OF GEORGIA

| | |
|---|---|
| KAYE F. MILLER, Individually and as next friend of ANSLEY MILLER and LINDSEY MILLER, the minor children of DENNIS O. MILLER, deceased, <br><br> Plaintiffs, <br><br> v. <br><br> HOMER BELL, JAMES A. (AL) EVANS and CANDLER COUNTY, GEORGIA, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION NO. CV 602-46 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ANSWER OF DEFENDANT HOMER BELL

Subject to his Motion to Dismiss previously filed, comes now Defendant Homer Bell, (hereinafter referred to as "Defendant Bell"), and files this, his Answer and defenses to Plaintiff's Complaint for Damages and Demand for Jury Trial as follows:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendant Bell upon which relief can be granted both as to compensatory damages.

### SECOND DEFENSE

Plaintiffs' negligence claims against Defendant Bell are barred by the doctrine of sovereign immunity.

1

## THIRD DEFENSE

Defendant Bell denies any negligence whatsoever and Plaintiffs' decedent's death was the result of his own negligence, which was the proximate cause of Plaintiff's decedent's death and alleged damages, and Plaintiff is barred from recovering from the Defendant Bell.

## FOURTH DEFENSE

Defendant Bell was not negligent in any manner, and it was without fault, and the occurrence was unforeseeable as to it; and since said occurrence was unforeseeable, it is not liable to Plaintiff in any amount.

## FIFTH DEFENSE

Defendant Bell did not use any excessive force against Dennis Miller and he was not denied any right to substantive due process thereby.

## SIXTH DEFENSE

Defendant Bell is without liability to Plaintiffs as Defendant Bell neither directly participated nor was deliberately indifferent to any conduct alleged to have harmed Plaintiffs' decedent.

## SEVENTH DEFENSE

Plaintiffs' Complaint fails to state a claim against Defendant Bell upon which relief can be granted because 41 U.S.C. §1983 cannot be a basis for a wrongful death claim without its pendency to a proper action under 1983 and, should Plaintiffs' constitutional claims fail, it cannot recover for wrongful death under this statute.

**EIGHTH DEFENSE**

Any claims the decedent had should have been brought by the Estate and any damages sought pursuant to those proper claims brought here improperly may not be recovered and are barred by the statute of limitations with respect to said claims.

**NINTH DEFENSE**

Defendant Bell was not negligent in any manner and denies any such negligence; however, should any negligence be found, Plaintiff is still barred from recovering from this Defendant Bell because his death was the result of his own action or negligence, and/or any other intervening cause, and Plaintiffs may not recovery therefor.

**TENTH DEFENSE**

Plaintiffs' allegations fail to establish the elements needed to make out a breach of the Fourth Amendment, and as such, Plaintiff may not recover therefor.

**ELEVENTH DEFENSE**

Plaintiffs' allegations fail to establish the elements needed to make out a breach of the Fifth Amendment, and as such, Plaintiff may not recover therefor.

**TWELFTH DEFENSE**

Plaintiffs' allegations fail to establish the elements needed to make out a breach of the Eighth Amendment, and as such, Plaintiff may not recover therefor.

**THIRTEENTH DEFENSE**

Plaintiffs' allegations fail to establish the elements needed to make out a breach of the Fourteenth Amendment, and as such, Plaintiff may not recover therefor.

### FOURTEENTH DEFENSE

Should Plaintiffs' fail to make a case under constitutional or federal law, Defendant Bell denies subject matter jurisdiction with respect to him.

### FIFTEENTH DEFENSE

Defendant Bell denies any actual awareness of a risk of Dennis Miller's flight or suicide, and in the absence of same, Plaintiff may not recover.

### SIXTEENTH DEFENSE

As Dennis Miller was a pre-trial detainee, he was not protected and may not invoke the protections of the Eighth Amendment, and as such, Plaintiffs cannot recover thereunder.

### SEVENTEENTH DEFENSE

Plaintiffs may not doubly recover in damages for those damages limited to the claims that should have been made by the Estate and which claim is now barred by the statute of limitations.

### EIGHTEENTH DEFENSE

Plaintiffs may not invoke the protections of the Fourth Amendment against unconstitutional searches and seizures after said protections are exhausted and a subject has been arrested and taken into the custody and control of law enforcement officials.

### NINTEENTH DEFENSE

Defendant Bell denies jurisdiction until such time as Plaintiff demonstrates why state law tort rights do not have a presumptive claim over this action.

### TWENTIETH DEFENSE

Any claims pursuant to Dennis Miller's access to drugs and/or alcohol prior to May 2, 2000 are barred by the statute of limitations.

### TWENTY FIRST DEFENSE

Plaintiff can show no punitive intent.

### TWENTY SECOND DEFENSE

No duties pursuant to any special relationship between Defendant Bell and Plaintiff were breached, nor were they any cause of any injuries to Plaintiffs' decedent.

### TWENTY THIRD DEFENSE

Defendant Bell did not pursue any cruel or unusual punishment upon Dennis Miller, nor was the Eight Amendment or substantive due process violated, and no act or admission of Defendant Bell evidenced deliberate indifference to any serious medical need of Dennis Miller.

### TWENTY FOURTH DEFENSE

No action was taken by Defendant Bell under color of state law to deprive any constitutional right of Dennis Miller.

### TWENTY FIFTH DEFENSE

As a county official and employee acting in his official capacity, Defendant Bell is immune from state tort action by sovereign immunity and Plaintiff is barred from recovering therefor.

### TWENTY SIXTH DEFENSE

Defendant Bell may not be liable under a theory of respondeat superior for a violation of 42 U.S.C. §1983.

### TWENTY SEVENTH DEFENSE

Defendant Bell was without any intention to commit a constitutional violation and, lacking the requisite state of mind, Plaintiff is barred from making or recovering against Defendant Bell for a constitutional violation.

### TWENTY EIGHTH DEFENSE

There is no nexus between the actions of the public officials and harm alleged by the Plaintiff.

### TWENTY NINTH DEFENSE

All actions or inactions undertaken by Defendant Bell, or his employees and Defendant Evans were done in good faith.

### AFFIRMATIVE DEFENSE OF QUALIFIED IMMUNITY

Defendant Bell's actions were undertaken in good faith and without any intention to harm Dennis Miller and his actions were not clear to him as a reasonable official to be unlawful in the situation confronted. He was not on notice that his conduct was unlawful and as a county official and employee performing discretionary functions that did not or should not have known his actions would violate constitutional rights. Plaintiff may not recover under 41 U.S.C. §1983 as Defendant Bell is protected by qualified or good faith immunity. Defendant has qualified immunity from trial and from liability.

### THIRTIETH DEFENSE

Defendant Bell's conduct with respect to Plaintiff's decedent was justified, privileged and effected in good faith, without malice, fraud, oppression, spite or conscious, reckless, or negligent disregard of Plaintiff's decedent's rights, if any, and without improper purpose or ill will of any kind. Consistent with the

6

foregoing, Defendant Bell did not directly or indirectly perform or fail to perform any acts which constitute a violation of any rights, if any, of Plaintiff, or a violation of any duty or obligation, if any, owed to Plaintiff.

### THIRTY FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which attorneys' fees may be granted.

### THIRTY SECOND DEFENSE

Defendant Bell was acting in his official capacity and, pursuant to state official immunity, may not be held liable for his discretionary acts unless such acts are deliberate with intent to do wrong or actual intent to injury or outside the scope of his authority, and since Defendant Bell's actions were discretionary, he is immune from the state tort claims asserted by the Plaintiff in this action against him personally.

### THIRTY THIRD DEFENSE

Subject to the preceding defenses, and without waiving any of said defenses, Defendant Bell answers the specific allegations of Plaintiff's Complaint as follows:

### JURISDICTION AND VENUE

1.  In answering to Paragraph 1 of Plaintiff's Complaint, he admits jurisdiction and venue to the extent Plaintiff may maintain this action and the facts as plead against Defendant Bell pursuant to a Federal question, and in further answering, denies the remaining allegations of said paragraph and he denies that he violated any of decedent's rights as alleged.

2.	In answering to Paragraph 2 of Plaintiff's Complaint, he admits jurisdiction to the extent Plaintiff may maintain this action and the facts as plead against Defendant Bell pursuant to a Federal question, and in further answering, denies the remaining allegations of said paragraph and he denies that he violated any of decedent's rights as alleged.

3.	He is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4.	In answering to Paragraph 4 of Plaintiff's Complaint, he admits the allegations of paragraph 4 and jurisdiction to the extent Plaintiff may maintain this action and the facts as plead against Defendant Bell pursuant to a Federal question, and in further answering, he denies that he violated Plaintiffs rights as alleged.

5.	In responding to paragraph 5 of Plaintiff's Complaint, Defendant Bell denies that Evans was an employee of Candler County, Georgia, and in further answering, admits the remaining allegations of said paragraph to the extent that Plaintiff may maintain this action and the facts as plead against Defendant pursuant to a Federal question.

6.	In responding to Paragraph 6 of Plaintiff's Complaint, he admits the allegations of paragraph 6 and jurisdiction to the extent Plaintiff may maintain this action and the facts as plead against Defendant pursuant to a Federal question, and in further answering, he denies that he violated any of decedent's rights as alleged.

## **FACTS**

7. In answering paragraph 7 of Plaintiff's Complaint, he hereby incorporates by reference his answers and defenses to paragraphs 1 through 6 of Plaintiff's Complaint as though each such answer were fully set forth herein verbatim.

8. In answering paragraph 8 of the Complaint, says that decedent Dennis O. Miller was charged with 2 counts of armed robbery an attempt to elude, and in further answering, admits the remaining allegations of said paragraph.

9. He admits paragraph 9 of the Complaint to the extent that "these charges" reflects the charges reflected in Defendant Bell's answer to paragraph 8 above, and previous changes against Plaintiff's decedent and in further answering denies remaining allegations of said paragraph.

10. In answering Paragraph 10 of Plaintiff's Complaint, he says that he is responsible for hiring, firing, training and disciplinary functions associated with the employees of the Candler County Jail, and in further answering, denies remaining allegations of said paragraph.

11. In answering Paragraph 11 of Plaintiff's Complaint, he admits that he was aware of Dennis Miller's reputation for, and admitted difficulty with, crack cocaine, and in further answering, denies the remaining allegations of said paragraph.

12. In answering Paragraph 12 of Plaintiff's Complaint, he admits that he was aware of Dennis Miller's reputation for, and admitted difficulty with, crack cocaine and admits that Dennis Miller was allowed to serve as a trustee and

to leave the jail on occasion, but in further answering, denies the remaining allegations of said paragraph.

13. In answering paragraph 13 of Plaintiff's complaint, he says that Sheriff Bell did have a conversation with Sandra Franklin about her dislike of Dennis Miller's trustee status, and in further answering, denies the remaining allegations of said paragraph.

14. In answering Paragraph 14 of Plaintiff's Complaint, he says that Dennis Miller was allowed at various times to serve as a trustee and to be out in public and to drive a vehicle, and in further answering, denies the remaining allegation of said paragraph.

15. He admits paragraph 15 of the Complaint.

16. He admits paragraph 16 of the Complaint.

17. Defendant Bell admits that several employees of the Sheriff's Department noticed that Dennis Miller appeared depressed. In further answering paragraph 17 of the Complaint, he denies the remainder.

18. In answering Paragraph 18 of Plaintiff's Complaint, he says that on May 8, 2000, a jailer was sent to locate Dennis Miller and at that time Dennis Miller could not be found; he further admits that after a search Dennis Miller was found hiding in a service port located at the southeast corner of the jail section of the Sheriff's Department and on the northeast portion of the sally port and that Dennis Miller had climbed a large water pipe and was sitting in the dark, and in further answering, denies the remaining allegation of said paragraph.

19. In answering Paragraph 19 of Plaintiff's Complaint, he says that after Dennis Miller was located he was taken to the secretary's/clerk's office to

wait, so that he could talk to him and that he was unable to talk to Dennis Miller at that time because he was currently dealing with other individuals, and in further answering, denies the remaining allegations of said paragraph.

20. He denies paragraph 20 of the Complaint.

21. In answering Paragraph 21 of Plaintiff's Complaint, he says that investigator Evans went with Deputy Carol to check out the area where Dennis Miller had been hiding and that the officers searched the area, and further that Dennis Miller was not locked in at the time, and in further answering, denies the remaining allegations of said paragraph.

22. In answering paragraph 22 of Plaintiffs' Complaint, he denies that Dennis Miller was unsupervised and admits that he was not locked in, and in further answering, says he is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 22 of the Complaint.

23. He is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. He denies each and every allegation contained in paragraph 24 of the Complaint.

25. He is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

**COUNT ONE**

26. In answering paragraph 26 of Plaintiff's Complaint, he hereby incorporates by reference his answers and defenses to paragraphs 1 through 25 of

Plaintiff's Complaint as though each such answer were fully set forth herein verbatim.

27.     He denies each and every allegation contained in paragraph 27 of the Complaint, as Plaintiff was not detained.

28.     He admits paragraph 28 of the Complaint.

29.     In answering paragraph 29 of Plaintiffs Complaint, he says that as Sheriff he had a duty to see that his employees are trained with regard to the protection of prisoners detained in the Candler County Jail and assigned to their care, and in further answering, denies the remaining allegations of said paragraph.

30.     He denies paragraph 30 of the Complaint in its entirety.

31.     He denies paragraph 31 of the Complaint in its entirety.

## COUNT TWO

32.     In answering paragraph 32 of Plaintiff's Complaint, he hereby incorporates by reference his answers and defenses to paragraphs 1 through 31 of Plaintiff's Complaint as though each such answer were fully set forth herein verbatim.

33.     He admits paragraph 33 of the Complaint.

34.     In answering paragraph 34 of Plaintiffs Complaint, Defendant admits that James A. Evans was an employee of Defendant Homer Bell, and in further answering, denies the remaining allegation of said paragraph.

35.     He denies each paragraph 35, 36, 37, 38 and 39 of the Complaint.

## COUNT THREE

36. In answering paragraph 40 of Plaintiff's Complaint, he hereby incorporates by reference his answers to paragraphs 1 through 39 of Plaintiff's Complaint as though each such answer were fully set forth herein verbatim.

37. He admits paragraph 41, 42 and 43 of the Complaint.

38. He denies paragraph 44, 45, 46, 47, 48, 49 and 50 of the Complaint.

## COUNT FOUR

39. In answering paragraph 51 of Plaintiff's Complaint, He hereby incorporates by reference its answers to paragraphs 1 through 50 of Plaintiff's Complaint as though each such answer were fully set forth herein verbatim.

40. He admits paragraph 52 and 53 of the Complaint.

41. He denies each and every allegation contained in paragraph 54, 55, 56, 57, 58, 59, 60, 61, 62 and 63 of the Complaint.

## COUNT FIVE

42. In answering paragraph 64 of Plaintiff's Complaint, he hereby incorporates by reference his answers and defenses to paragraphs 1 through 63 of Plaintiff's Complaint as though each such answer were fully set forth herein verbatim.

43. He admits paragraph 65 and 66 of the Complaint.

44. He denies each and every allegation contained in paragraph 67, 68, 69, 70, 71, 72 and 73 of the Complaint.

## COUNT SIX

45. In answering paragraph 74 of Plaintiff's Complaint, he hereby incorporates by reference his answers and defenses to paragraphs 1 through 73 of

Plaintiff's Complaint as though each such answer were fully set forth herein verbatim.

46. He denies each and every allegation contained in paragraph 74 [sic] of the Complaint.

47. He denies paragraph 75, 76, 77, 78, 79, 80, 81 and 82 of the Complaint.

Any allegations of the Complaint not specifically admitted hereinabove are hereby denied.

WHEREFORE, having fully answered and responded to Plaintiff's Complaint, Defendant Bell respectfully prays:

A. That Plaintiff have and recover nothing from Defendant Bell, and that judgment be entered in favor of Defendant Bell and against the Plaintiff and the Complaint against Defendant Bell be dismissed with prejudice;

B. That all costs of defending against the Complaint be taxed against the Plaintiff; and

C. That Defendant Bell have such other and further relief as this Court deems just and proper.

THIS ____ day of _____, 2002.

FORBES & BOWMAN

_____
MORTON G. FORBES
State Bar No.: 267700

_____
CATHERINE M. BOWMAN
State Bar No.: 494730

_____
SCOT V. POOL
State Bar No. : 583545
Attorneys for Defendants

Post Office Box 13929
Savannah, Georgia 31416-0929
(912) 352-1190

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that the undersigned attorney did this date serve a copy of the within and foregoing pleading upon all counsel of record by one or more of the following method(s):

__X__    depositing a copy of same in a properly addressed envelope with adequate postage thereon to the following address(es):

> Robert S. Reeves, Esquire
> Post Office Box 1347
> Swainsboro, Georgia 30401

_____    delivering a copy to counsel by hand to the following address(es):

_____    faxing a copy of same to the following fax no.(s):

THIS _____ day of _____, 2002.

_____
SCOT V. POOL
State Bar No.: 583545
Attorney for Defendants

FORBES & BOWMAN
Post Office Box 13929
Savannah, Georgia 31416-0929
(912) 352-1190